ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| **LUIS CRUZ VÉLEZ**<br><br>Apelante<br><br>v.<br><br>**DEPARTAMENTO DE LA VIVIENDA, HON. CIARY PÉREZ PEÑA, ESTADO LIBRE ASOCIADO DE PUERTO RICO**<br><br>Apelados | TA2026AP00007 | **APELACION** procedente del Tribunal de Primera Instancia, Sala Superior de **Bayamón**<br><br>Civil Núm.: **TB2025CV00144**<br><br>Sobre: Prescripción Adquisitiva |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Boria Vizcarrondo, Jueza Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 24 de febrero de 2026.

Comparece el señor Luis Cruz Vélez (Sr. Cruz Vélez o apelante), mediante un recurso de *Apelación* en el que nos solicita que revoquemos la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, el 13 de noviembre de 2025.[1] Por medio de dicho dictamen, el foro primario declaró Ha Lugar una *Moción de reconsideración* presentada por el Estado Libre Asociado (ELA), por sí y en representación del Departamento de la Vivienda y de la Secretaria de dicha agencia en su carácter oficial, la Hon. Ciary Pérez Peña (en conjunto, parte apelada). Consecuentemente, desestimó con perjuicio la totalidad del caso, e impuso costas y gastos.

Por los fundamentos que expondremos a continuación, confirmamos la *Sentencia* apelada.

---

[1] Sistema Unificado de Manejo y Administración de Casos (SUMAC) del Tribunal de Primera Instancia (TPI), Entrada Núm. 48. Notificada y archivada en autos el 17 de noviembre de 2025.

## I.

El caso de marras tiene su génesis el 14 de marzo de 2025 cuando el Sr. Cruz Vélez presentó una *Demanda* sobre prescripción adquisitiva contra la parte apelada.[2] Adujo que, desde el año 2011, ocupó en calidad de dueño una propiedad localizada en la Calle Eucalipto, Parcela 144-B, Barrio Pájaros Candelaria, Toa Baja, Puerto Rico. Sostuvo que la propiedad fue abandonada por su madre ante el deterioro del inmueble. Sin embargo, alegó que no fue hasta el año 2024, que él advino en conocimiento de que el titular registral de la propiedad nunca fue su madre, sino el Departamento de la Vivienda. Por tal razón, solicitó del foro primario que emitiera una sentencia declarándolo titular del inmueble mediante prescripción adquisitiva.

Posteriormente, el Sr. Cruz Vélez presentó una *Primera Demanda Enmendada* el 15 de julio de 2025 donde añadió que sus padres adquirieron un usufructo sobre la propiedad en cuestión, y otorgaron una escritura de liquidación de la Sociedad de Bienes Gananciales (SBG) que incluía el inmueble en cuestión.[3] Arguyó además que, no más tarde del año 1991, ambos también adquirieron el pleno dominio del inmueble por medio de trámites con la agencia administrativa o poseyéndola en calidad de dueños mediante la prescripción adquisitiva extraordinaria.

Luego de varios trámites procesales, la parte apelada presentó una *Moción de desestimación bajo la Regla 10.2(5) de Procedimiento Civil* el 23 de junio de 2025,[4] a la que se opuso el Sr. Cruz Vélez el 15 de julio de 2025.[5]

No obstante, el 16 de julio de 2025, el foro primario denegó la petición de desestimación presentada por la parte apelada.[6] En lo

---

[2] *Íd.*, Entrada Núm. 1.
[3] *Íd.*, Entrada Núm. 11.
[4] *Íd.*, Entrada Núm. 8.
[5] *Íd.*, Entrada Núm. 12.
[6] *Íd.*, Entrada Núm. 15. Notificada y archivada en autos el 16 de julio de 2025.

pertinente, el TPI ordenó a las partes a llevar a cabo un descubrimiento de prueba con el propósito de descubrir si el Sr. Cruz Vélez poseyó la propiedad en concepto de dueño o como usufructuario.

Ulteriormente, el 5 de agosto de 2025, el Sr. Cruz Vélez radicó una *Segunda Demanda Enmendada.*[7]

Así las cosas, el 18 de agosto de 2025, la parte apelada presentó otra *Moción de desestimación bajo la Regla 10.2(5) de Procedimiento Civil.*[8] Expuso que, según el Registro de la Propiedad, el pleno dominio de la finca matriz donde se encontraba la parcela en cuestión estaba inscrito a favor del ELA.[9] También adujo que, aunque los padres del Sr. Cruz Vélez tenían un derecho de usufructo sobre dicha parcela,[10] ambos otorgaron una escritura de liquidación de la SBG, de donde se desprendía que el inmueble ubicado en la parcela estaba pendiente de una extensión del título de propiedad.[11]

De este modo, la parte apelada alegó que los años en los que la madre del Sr. Cruz Vélez poseyó la parcela fue en calidad de usufructuaria, y, por ende, no se sumaban esos años de posesión a los que él poseyó como dueño. Es decir, que tomando como cierto que el Sr. Cruz Vélez había ocupado la parcela desde el año 2011 en concepto de dueño hasta la fecha de la radicación de la demanda de epígrafe en el año 2024, el término transcurrido era de catorce (14) años y no de treinta (30) años, requerido para la prescripción adquisitiva extraordinaria. Por lo tanto, solicitó del TPI la desestimación con perjuicio del caso de marras, por dejar de exponer una reclamación que justificara la concesión de un remedio a favor del Sr. Cruz Vélez.

---

[7] *Íd.*, Entrada Núm. 20.
[8] *Íd.*, Entrada Núm. 29.
[9] *Íd.*, Anejo 2.
[10] *Íd.*, Anejo 1.
[11] *Íd.*, Anejo 5.

En respuesta, el 10 de septiembre de 2025, el Sr. Cruz Vélez presentó una *Moción en torno a "moción de desestimación bajo la Regla 10.2(5) de Procedimiento Civil"* donde solicitó del foro primario que rechazara de plano la moción de desestimación de la parte apelada por incumplir con los requisitos de la Regla 10.2(5) de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2(5).[12] En la alternativa, sostuvo que debía ser atendida como una solicitud de sentencia sumaria, por haber incluido materia no contenida en las alegaciones de la demanda. De igual modo, suplicó que, de atenderse como sentencia sumaria, pospusiera atenderla hasta luego de la culminación del descubrimiento de prueba.

Evaluadas las mociones dispositivas, el TPI emitió una *Resolución Interlocutoria* el 11 de septiembre de 2025 en la que declaró No Ha Lugar la moción de desestimación presentada por la agencia administrativa.[13]

Subsiguientemente, el 22 de septiembre de 2025, la parte apelada presentó una *Contestación a Segunda Demanda Enmendada.*[14]

Inconforme con la denegatoria de su solicitud de desestimación, la parte apelada también presentó una *Moción de Reconsideración* el 29 de septiembre de 2025,[15] la que fue declarada Ha Lugar por el foro primario mediante la *Sentencia* emitida el 13 de noviembre de 2025.[16]

Por medio de dicho dictamen, el foro *a quo*, de igual modo, formuló las siguientes determinaciones de hechos:

1. Don Luis Fernando Cruz Vélez y Doña Karhleen Manning Ker adquirieron el usufructo de la propiedad ubicada en Calle Eucalipto, Parcela 144-B, Barrio Pájaros Candelaria, Toa Baja, Puerto Rico, por Vivienda alrededor del año 1968.

---

[12] *Íd.*, Entrada Núm. 36.
[13] *Íd.*, Entrada Núm. 38. Notificada y archivada en autos el 12 de septiembre de 2025.
[14] *Íd.*, Entrada Núm. 39.
[15] *Íd.*, Entrada Núm. 41.
[16] *Íd.*, Entrada Núm. 48.

2. El 16 de mayo de 1991, los padres del demandante procedieron a otorgar una escritura de liquidación de sociedad legal de gananciales, la cual incluía expresamente el inmueble envuelto en el caso de epígrafe donde se le otorga la propiedad a Doña Karhleen Manning Ker.

3. A partir de dicha fecha, la madre del demandante, Doña Karhleen Manning Ker, continuó ocupando la propiedad en calidad de dueña exclusiva.

4. Según se alega, la propiedad fue abandonada por la madre por condiciones de deterioro severo de la misma. El demandante, se vio precisado a comenzar a rehabilitar en el inmueble.

5. Desde el año 2011, la parte demandante comenzó a ocupar como dueño el inmueble parcela 144-B, y realizando numerosas mejoras sustanciales.

6. Se alega que no fue hasta el año 2024, que el demandante advino en conocimiento que, el titular registral de la propiedad es el Departamento de la Vivienda y, su madre nunca fue titular registral del inmueble, o, en la alternativa, extravió el título.

7. En la escritura de liquidación de bienes gananciales hay dos (2) inmuebles descritos en la misma.

8. De dicha escritura surge la siguiente información sobre el primer inmueble:

   A) RÚSTICA: Predio de terreno radicado en el Barrio Palo Hincado del término municipal de Barranquitas, Puerto Rico, marcado con el número cinco (5) en el Plano de Inscripción con una cabida superficial de Ocho Mil Trescientos Catorce metros cuadrados punto Noventa y Tres (8314.93mc). En lindes por el NORTE con la parcela marcada con el número Dos A (2A) en el Plano de Inscripción y la parcela marcada con la letra "B" para uso público; por el SUR con la parcela número Cuatrocientos Treinta y Seis (436); por el ESTE con la parcela número Tres, Cuatro y Seis (3, 4 y 6); y por el OESTE con la parcela marcada con la letra "B" para uso público, por el SUR con la parcela número cuatrocientos Treinta y Seis (436); por el ESTE con las parcelas Tres, Cuatro y Seis (3,4 y 6) y por el Oeste con la parcela marcada con la letra "B" dedicada a uso público.

   La antes descrita propiedad es una segregación de la finca bajo el número Seis Mil Quinientos Noventa y Tres, inscrita al folio Veintitrés (23), del Tomo Ciento Once (111) de Barranquitas y los comparecientes la adquirieron mediante la escritura número Treinta y Uno (31) de Doce (12) de noviembre de Mil Novecientos Ochenta (1980), otorgada ante el Notario Don Héctor R. Maldonado Ortiz, libre de cargas y gravámenes, pendiente de inscripción.

9. El segundo inmueble descrito en la escritura de liquidación de bienes gananciales es el que corresponde a la parcela 144B, a saber:

   B) RÚSTICA: Parcela de terreno ubicada en la comunidad Candelarias, Barrio Pájaros de Toa Baja, marcada en el Plano de Parcelación con el número

Ciento Cuarenta y Cuatro B (144B) es un predio creado bajo el Título V de la Ley de Tierras, Ley Número Veintiséis (26) de Doce (12) de abril de Mil Novecientos Cuarenta y Uno, con una cabida superficial de Ochocientos Treinta y Nueve puntos Diez metros cuadrados (839.10m2). En lindes por el NORTE con la parcela Ciento Cuarenta y Cuatro A (144A); por el SUR con la parcela Ciento Cuarenta y Cuatro C (144C); por el ESTE con las parcelas Ciento Cuarenta y Cinco B (145B) y Ciento Cuarenta y Cinco C (145C); y por el OESTE con la calle Eucalipto.

Enclava una vivienda para familia y la misma la adquirieron de la Administración de Vivienda Rural del Departamento de la Vivienda, pendiente de la extensión del Título de Propiedad.

10. Según surge de la escritura de liquidación de bienes gananciales, fue la parcela 5 del Municipio de Barranquitas la que fue segregada de la finca 6,593 y sobre la cual se otorgó titularidad a los padres de la parte demandante desde el 1980. No la parcela 144-B.

11. La parcela 144-B ubica en la comunidad Candelarias, Barrio Pájaros de Toa Baja marcada en el Plano de Parcelación con el número Ciento Cuarenta y Cuatro B (144B) y es un predio creado bajo el Título V de la Ley de Tierras.

12. No surge que la parcela 144-B haya sido segregada o que se haya otorgado titularidad sobre la misma mediante escritura. Al contrario, de la escritura de liquidación de bienes gananciales surge que dicha parcela está pendiente de la extensión del título de propiedad.

13. La parcela 144-B de la comunidad rural Candelaria, del término municipal de Toa Baja, no ha sido segregada de la finca matriz 12227 (Bo. Candelaria, Toa Baja) perteneciente al Estado Libre Asociado de Puerto Rico.

14. Según consta en el Registro de la Propiedad, el pleno dominio de la finca 12227 está inscrito a favor del Estado Libre Asociado de Puerto Rico quien adquirió, en virtud de la escritura número 350, otorgada en San Juan, el 30 de mayo de 1972.

15. La parcela 144-B posee un usufructo a nombre de los padres de la parte demandante, Luis F. Cruz Vélez y Kathlen Sharon Manning, desde el 28 de octubre de 1968.

16. Vivienda no ha otorgado Título de Propiedad en pleno dominio de dicha parcela a los padres de la parte demandante, Luis F. Vélez Cruz ni Kathlen Sharon Manning. Tampoco ha otorgado título de propiedad en pleno dominio a ninguna otra persona.[17]

Al declarar Ha Lugar la solicitud de reconsideración de la parte apelada, consecuentemente, el foro primario desestimó con perjuicio la totalidad del caso e impuso costas y gastos.

---

[17] *Íd.*, págs. 3-5.

Insatisfecho, el 2 de diciembre de 2025, el Sr. Cruz Vélez presentó una *Moción en solicitud de reconsideración bajo la Regla 47 de Procedimiento Civil*,[18] la que fue denegada por el foro primario ese mismo día.[19]

Inconforme, el Sr. Cruz Vélez presentó ante nos un recurso de apelación el 2 de enero de 2026 y planteó los siguientes señalamientos de error:

> **PRIMER ERROR: ERRÓ EL TPI AL NO APLICAR EL ANÁLISIS REQUERIDO AL ADJUDICARSE UNA MOCIÓN BAJO LA REGLA 10.2(5) DE DAR POR CIERTAS LAS ALEGACIONES DE LA *SEGUNDA DEMANDA ENMENDADA.***
>
> **SEGUNDO ERROR: ERRÓ EL TPI AL CONSIDERAR HECHOS NO CONTENIDOS EN LA *SEGUNDA DEMANDA ENMENDADA* Y DOCUMENTOS SOMETIDOS EN UNA MOCIÓN DE DESESTIMACIÓN QUE NO CUMPLIÓ CON LOS REQUISITOS DE LA REGLA 36.3(A) DE PROCEDIMIENTO CIVIL Y SIN PERMITIR A LA PARTE DEMANDANTE-APELANTE REALIZAR DESCUBRIMIENTO DE PRUEBA PARA ESTAR EN POSICIÓN DE CERTIFICACIONES HECHAS POR LA PROPIA APELADA EXISTIENDO MEJOR EVIDENCIA SUJETA A DESCUBRIMIENTO.**

Por su parte, la parte apelada presentó un *Alegato* el 29 de enero de 2026.

**II.**

**A.**

A tenor con la Regla 10 de Procedimiento Civil, *supra*, R. 10, la parte demandada puede presentar tres (3) tipos de mociones previo a contestar la demanda presentada en su contra; a saber, (1) solicitud de desestimación; (2) solicitud para solicitar una exposición más definida; (3) y moción eliminatoria. *Costas Elena v. Magic Sport Culinary, Corp.*, 213 DPR 523, 533 (2024). En esa misma línea, una persona contra quien se presentó una reclamación judicial puede solicitar la desestimación del pleito si es evidente que

---

[18] *Íd.*, Entrada Núm. 50.

[19] *Íd.*, Entrada Núm. 51. Notificada y archivada en autos el 3 de diciembre de 2025.

de las alegaciones incluidas en la demanda prosperará alguna de las defensas afirmativas de la Regla 10.2 de Procedimiento Civil, *supra*, R. 10.2. *Comisión v. González Freyre et al.*, 211 DPR 579, 614 (2023). A tenor con ello, la parte demandada puede presentar una solicitud de desestimación invocando que la demanda "deja de exponer una reclamación que justifique la concesión de un remedio". Regla 10.2(5) de Procedimiento Civil, *supra*; *Eagle Security Police, Inc. v. Dorado*, 211 DPR 70, 83 (2023).

Una vez se presenta este tipo de moción, los Tribunales están "obligados a tomar como ciertos —y de la manera más favorable a la parte demandante— todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente". *Eagle Security Police, Inc. v. Dorado*, *supra*, pág. 84. También deben "interpretar las alegaciones en forma conjunta y liberal, y de la manera más favorable a la parte demandante". *González Méndez v. Acción Social et al.*, 196 DPR 213, 234 (2016). En vista de ello, los Tribunales no deben conceder dicha desestimación " 'a menos que se demuestre que el demandante no tiene derecho a remedio alguno bajo cualesquiera hechos que pueda probar' ". *Trinidad Hernández v. ELA*, 188 DPR 828, 833-834 (2013) (*citando a Colón v. Lotería*, 167 DPR 625, 649 (2006)).

Según la Regla 10.2 de Procedimiento Civil, *supra*, "[s]i en una moción en que se formula la defensa (5) se exponen materias no contenidas en la alegación impugnada, y éstas no son excluidas por el tribunal, la moción deberá ser considerada como una solicitud de sentencia sumaria y estará sujeta a todos los trámites ulteriores provistos en la Regla 36 hasta su resolución final, y todas las partes deberán tener una oportunidad razonable de presentar toda materia pertinente a tal moción bajo dicha regla". En otras palabras, la conversión de una moción de desestimación a una de sentencia sumaria, conforme a la Regla 10.2 de Procedimiento Civil, *supra*,

"puede ocurrir cuando cualesquiera de las partes, el promovente o el promovido, someten materia que no formó parte de las alegaciones, tales como: deposiciones, admisiones, certificaciones y contestaciones a interrogatorios". *Capeles v. Alejandro*, 143 DPR 300, 309 (1997).

**B.**

Por medio de la prescripción adquisitiva o la usucapión, se adquiere el dominio de una propiedad, conforme a las condiciones fijadas en ley. Artículo 549 del *"Código Civil de Puerto Rico" Edición de 1930*, 31 LPRA ant. sec. 1931; Artículo 1830 del Código Civil de 1930, *supra*, ant. sec. 5241. Sin embargo, dicha prescripción tiene dos modalidades, a saber: la ordinaria y la extraordinaria. *Adm. Terrenos v. SLG Rivera-Morales,* 187 DPR 15, 27 (2012).

La ordinaria se caracteriza por constituir una posesión de buena fe y con justo título. Artículo 1840 del Código Civil de 1930, *supra,* ant. 5261. El justo título es aquel que es legalmente suficiente para transferir el dominio o derecho real de cuya prescripción se trate. Artículo 1852 del Código Civil de 1930, *supra*, ant. sec. 5273. La buena fe del poseedor es la creencia de que la persona de quien recibió la cosa era dueña de ella y que podía transmitir su dominio. Artículo 1850 del Código Civil de 1930, *supra*, ant. sec. 5271. Asimismo, su adquisición por medio de la vía ordinaria requiere un término de posesión de diez (10) años cuando se trata de bienes inmuebles, si es entre presentes, y de veinte (20), si es entre ausentes. Artículo 1857 del Código Civil de 1930, *supra*, ant. sec. 5278.

En cambio, la prescripción adquisitiva extraordinaria se caracteriza por carecer de justo título y buena fe, y se suplen por la exigencia de un término más largo de posesión. *Adm. Terrenos v. SLG Rivera-Morales*, *supra*, pág. 27. En particular, el dominio prescribe sobre los bienes inmuebles por su posesión

ininterrumpida durante treinta (30) años, sin necesidad de título ni buena fe ni distinción entre presentes y ausentes. Artículo 1859 del Código Civil de 1930, *supra*, ant. sec. 5280. Además de dicho plazo, nuestro ordenamiento jurídico ha dispuesto que para adquirir un bien inmueble mediante prescripción adquisitiva en su modalidad extraordinaria se debe demostrar que el dueño del inmueble toleró su posesión; que el prescribiente ha entrado en posesión del inmueble sin autorización, permiso o licencia otorgados por el dueño o en virtud de contrato celebrado con el dueño; que la posesión se ha mantenido en concepto público, de forma pacífica y sin que se haya interrumpido por abandono por más de un año o, civilmente, en virtud de diligencia judicial o notarial; y sin que el poseedor haya renunciado expresa o tácitamente a su título por prescripción, después de consumada la prescripción extraordinaria. *Adm. Terrenos v. SLG Rivera-Morales, supra*, pág. 28.

A pesar de lo anterior, "los actos ejecutados por licencia o la mera tolerancia del dueño no son suficientes para que se cumpla con los requisitos de la prescripción extraordinaria, puesto que no se configura la posesión en concepto de dueño". *Adm. Terrenos v. SLG Rivera-Morales, supra*, pág. 29. Por tanto, los actos ejecutados con permiso no podrán adquirir el dominio, ni ningún otro derecho por virtud de la prescripción ordinaria o extraordinaria. *Adm. Terrenos v. SLG Rivera-Morales, supra*, pág. 29.

**III.**

En el caso ante nuestra consideración, el Sr. Cruz Vélez nos planteó dos señalamientos de error. Primero, sostuvo que el TPI incidió al no acoger como ciertas las alegaciones presentadas por el Sr. Cruz Vélez en la *Segunda Demanda Enmendada*. A tales efectos, indicó que si se hubiera cumplido con el estándar de revisión al considerar una moción bajo la Regla 10.2 de Procedimiento Civil, *supra*, y se acogían como ciertas todas las alegaciones incluidas en

la demanda con el fin de adquirir el título de la propiedad mediante prescripción adquisitiva, no procedía la desestimación de su causa de acción. Por otro lado, en su segundo señalamiento de error, el Sr. Cruz Vélez señaló que la moción dispositiva sometida por la parte apelada era realmente una moción de sentencia sumaria que no fue evaluada conforme al estándar requerido en nuestro ordenamiento jurídico. Asimismo, argumentó que el pleito se encontraba en etapas tempranas para ser adjudicado sumariamente, por lo que ameritaba continuar con el descubrimiento de prueba.

Por su parte, el Departamento de la Vivienda arguyó que el TPI no incidió en el primer error planteado, pues desestimó el pleito luego de tomar como ciertas las alegaciones de la *Segunda Demanda Enmendada*, según la Regla 10.2(5) de Procedimiento Civil, *supra*. Además, sostuvo que el foro primario tampoco cometió el segundo planteamiento de error, ya que dicha regla no prohibía la inclusión de documentos en la solicitud de desestimación.

Tras un análisis objetivo, sereno y cuidadoso del expediente, en correcta práctica adjudicativa apelativa, resolvemos que el TPI no cometió los errores señalados.

Según pormenorizamos anteriormente, la Regla 10.2 de Procedimiento Civil, *supra*, dispone que "[s]i en una moción en que se formula la defensa (5) se exponen materias no contenidas en la alegación impugnada, y éstas no son excluidas por el tribunal, la moción deberá ser considerada como una solicitud de sentencia sumaria y estará sujeta a todos los trámites ulteriores provistos en la Regla 36 hasta su resolución final, y todas las partes deberán tener una oportunidad razonable de presentar toda materia pertinente a tal moción bajo dicha regla". Es decir, la conversión de una moción de desestimación a una de sentencia sumaria, conforme a la Regla 10.2 de Procedimiento Civil, *supra*, "puede ocurrir cuando cualesquiera de las partes, el promovente o el promovido, someten

materia que no formó parte de las alegaciones, tales como: deposiciones, admisiones, certificaciones y contestaciones a interrogatorios". *Capeles v. Alejandro, supra*, pág. 309.

Según la *Segunda Demanda Enmendada*, el Sr. Cruz Vélez adujo que sus padres, luego de poseer un usufructo sobre la propiedad localizada en la parcela en cuestión, adquirieron pleno dominio sobre el inmueble mediante gestiones con la agencia administrativa o poseyéndola en calidad de dueños. Adujo además que él había ocupado la parcela desde el año 2011, por lo que si se le sumaba el tiempo que su mamá estuvo en posesión de la parcela; es decir, desde el 1991, cuando sus padres otorgaron la escritura de la liquidación de la SBG, él adquirió el inmueble ubicado en la parcela por medio de la prescripción adquisitiva.

Ahora bien, es meritorio mencionar que, en el presente caso, el foro primario denegó la primera solicitud de desestimación de la parte apelada y ordenó a las partes a realizar un descubrimiento de prueba basado en las alegaciones del Sr. Cruz Vélez; específicamente, en cuanto a descubrir si el Sr. Cruz Vélez poseyó la propiedad en concepto de dueño o como usufructuario. Ante ello, la parte apelada presentó una segunda moción de desestimación, al amparo de la Regla 10.2(5) de Procedimiento Civil, *supra*, a la que anejó evidencia a tales efectos. Particularmente, la parte apelada le acompañó una *Certificación* del Departamento de la Vivienda de donde surgía que constaba en el Registro de la Propiedad que el ELA tenía inscrito el pleno dominio de la finca matriz donde estaba localizada la parcela y la propiedad en cuestión.[20] Conforme a dicho documento, los padres del Sr. Cruz Vélez también poseían un usufructo sobre la parcela, empero esta última no se encontraba segregada de la finca matriz. Además, de la escritura de liquidación

---

[20] *Íd.*, Entrada Núm. 29, Anejo 1.

de la SBG, se desprendía que la propiedad tenía pendiente una extensión de título de propiedad.[21] En otras palabras, los documentos incluidos en la moción de desestimación estaban relacionados a las alegaciones contenidas en la *Segunda Demanda Enmendada*; es decir, atendieron el asunto sobre la posesión de la parcela, el inmueble, al igual que la parcela. Por tanto, no se dieron los requisitos de la Regla 10.2(5) de Procedimiento Civil, *supra*, para convertir la solicitud de desestimación en una de sentencia sumaria. En su consecuencia, el foro primario no incurrió en el primer señalamiento de error, tras evaluar la moción dispositiva en virtud de la Regla 10.2 de las Reglas de Procedimiento Civil, *supra*.

Por otro lado, el TPI tampoco incidió en el segundo planteamiento de error, pues, tomando como ciertas las alegaciones bien hechas, la *Segunda Demanda Enmendada* dejó de exponer una reclamación que justificara la concesión de un remedio.

Conforme a la prueba documental antedicha, la mamá del Sr. Cruz Vélez poseyó la propiedad en calidad de usufructuaria y no como dueña en pleno dominio. Es decir, que, al advenir en posesión de la parcela como usufructuaria, no podía adquirir la misma mediante prescripción adquisitiva. Lo anterior, pues "todo aquel que posea con permiso, autorización o en representación de otro no podrá adquirir el dominio, ni ningún otro derecho por virtud de la prescripción ordinaria o extraordinaria". *Adm. Terrenos v. SLG Rivera-Morales, supra*, pág. 29. También es conocido que, en el derecho civil, "el usufructuario de bienes inmuebles no puede usucapir". *Sánchez González v. Registrador*, 106 DPR 361, 375 (1977). Consiguientemente, los años en que la madre del Sr. Cruz Vélez poseyó la parcela hasta que supuestamente se la transfirió al Sr. Cruz Vélez no se suman a los años en los que el Sr. Cruz Vélez

---

[21] *Íd.*, Anejo 5.

alegó haber poseído en calidad de dueño. Por tal razón, el Sr. Cruz Vélez ostentó la parcela en concepto de dueño solamente desde el 2011 hasta el 2024; es decir, por un plazo de catorce (14) años, y, no de treinta (30) años, requeridos para la prescripción adquisitiva extraordinaria.

Ante tales circunstancias, colegimos que, el foro adjudicador actuó conforme a derecho al desestimar el caso bajo el estándar aplicable a la Regla 10.2 de Procedimiento Civil, *supra*. De tomar como ciertas todas las alegaciones bien hechas en la *Segunda Demanda Enmendada*, no se justifica la concesión de un remedio a favor del Sr. Cruz Vélez con relación a la posesión del bien inmueble mediante la prescripción adquisitiva.

**IV.**

Por los fundamentos antes expuestos, confirmamos la S*entencia* apelada.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones